**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-14036-MARTINEZ/MAYNARD**

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**v.**

**IVAN CASTRO QUILES,**

      **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

**THIS CAUSE** comes before me upon an Order of Reference.  Having conducted a Change of Plea Hearing, I recommend to the District Court as follows:

1.     I convened a hearing to permit the Defendant to change his plea in this criminal case on May 28, 2025.

2.     At the hearing's outset, I advised the Defendant of his right to have the District Judge assigned to this case conduct this proceeding.  I advised the Defendant that I was conducting the Change of Plea Hearing at the request of the Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to this case.  I advised the Defendant that the District Judge assigned to this case will be the sentencing judge, will make all findings and rulings concerning the Defendant's sentence, and will schedule and conduct the Sentencing Hearing.  I advised the Defendant that he did not have to permit me to conduct this hearing but could request a United States District Judge to conduct the Change of Plea Hearing instead.  The Defendant, the Defendant's attorney, and the Assistant United States Attorney assigned to the case all agreed on

the record and consented to have a United States Magistrate Judge conduct the Change of Plea Hearing.

3.      I conducted the plea colloquy in accordance with the outline set forth in the Bench Book for District Judges.

4.      There is a written Plea Agreement which has been entered into by the parties in this case.  DE 82.  I reviewed the Plea Agreement on the record and had the Defendant acknowledge that he signed the Plea Agreement.  The Defendant indicated to me that he fully understands the Plea Agreement.

5.       The Defendant pleaded guilty to Count Eight of the Superseding Indictment, which charges him with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

6.      The mandatory minimum and maximum statutory penalties were announced on the record.  The Defendant acknowledged his understanding of the mandatory minimum and maximum statutory penalties that could be imposed against him in this case.

7.      The Plea Agreement contains an agreement by the parties to jointly recommend that the Court find at sentencing that the quantity of controlled substance involved in the offense, for purpose of Section 2D1.1(a) and (c) of the Sentencing Guidelines, and attributable to the Defendant, is at least 500 grams but less than 2 kilograms of cocaine.  I explained to the Defendant that, although the parties may agree to make this recommendation, it is not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept this or any other sentencing recommendation.

8.      The parties agree in the Plea Agreement to make certain additional recommendations to the District Court regarding the sentence to be imposed in this case.  I explained to the Defendant that, although the parties may agree to make these recommendations, they are not binding on the probation office or the District Court, and the Defendant may not withdraw his plea based upon the District Court's decision not to accept these or any other sentencing recommendations.

9.      The parties submitted a written Stipulation of Facts and Acknowledgment of Offense Elements in Support of Guilty Plea ("Stipulation"), which was signed by counsel for the Government, counsel for the Defendant, and the Defendant.  DE 83.  Defendant acknowledged that he signed the Stipulation, understands it, and has had an opportunity to fully discuss it with his attorney.  The Defendant agreed that the Stipulation is true and correct, and accurately sets forth the facts in his case as he understands them to be.  I find that the Stipulation sets forth each of the essential elements of the crime to which the Defendant is pleading guilty.

10.     Based on the foregoing and the plea colloquy that I conducted, I find that the Defendant enters his guilty plea freely and voluntarily.  I accept his guilty plea and recommend to the District Court that it adjudicate him guilty of Count Eight of the Superseding Indictment.

11.     The United States Probation Office will conduct a pre-sentence investigation and will issue a report for sentencing purposes.

**ACCORDINGLY**, I recommend to the District Court that the Defendant's plea of guilty to Count Eight of the Superseding Indictment be accepted; that the Defendant be adjudicated guilty of the offense to which he pleads guilty; and that a Sentencing Hearing be conducted for final disposition of this case.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), the failure to file a timely objection to this Report and Recommendation waives the party's right to review and bars the party from attacking on appeal any legal rulings or fact findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 3rd day of June, 2025.

SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE